# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 1, 2026

Lyle W. Cayce
Clerk

———————

No. 24-60639
Summary Calendar

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Angela Roy,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:16-CR-110-2

———————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Angela Roy, federal prisoner # 36906-034, is serving consecutive sentences for aiding and abetting the assault of a postal employee with intent to commit robbery and discharging a firearm during and in relation to a crime of violence. Roy appeals the district court's denial of her motions for compassionate release and for a reduction in her sentence, filed pursuant to

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

18 U.S.C. §§ 3582(c)(1)(A), (2), respectively. As Roy fails to brief any argument relating to the denial of her § 3582(c)(2) motion, she has waived the issue. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

As to Roy's motion for compassionate release, the district court concluded that her medical conditions constitute an extraordinary and compelling reason but denied relief because the sentencing factors of 18 U.S.C. § 3553(a) did not support reducing Roy's sentence. The district court noted that, despite her health issues, Roy had engaged in criminal conduct by committing crimes herself or by masterminding the criminal conduct of others. It determined that the seriousness of Roy's criminal conduct and the need to protect the public weighed against reducing her sentence.

Roy asserts that the Bureau of Prisons (BOP) fails to provide adequate medical care given her health conditions, that she faces threats to her health on account of the BOP's inability to prevent the spread of the COVID-19 virus, and that her health problems could be better managed were she not incarcerated. Roy also asserts that she has been rehabilitated, has developed the skills needed to be a productive member of society, and is remorseful for her past crimes.

Even if a prisoner offers extraordinary and compelling circumstances warranting a sentence reduction, she still "must convince the district judge to exercise discretion to grant the motion" based on consideration of the § 3553(a) sentencing factors. *United States v. Shkambi*, 993 F.3d 388, 392 (5th Cir. 2021). Roy does not show that the district court abused its discretion in denying compassionate release based on its assessment of the § 3553(a) factors. *See United States v. Chambliss*, 948 F.3d 691, 693-94 (5th Cir. 2020).

The judgment of the district court is AFFIRMED.